# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAUNDRA KEY SEARS and MICHAEL SHAWN MASON, as personal representative of the estate of Dennis W. Mason, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>MARATHON OIL COMPANY, an Ohio Corporation; MARATHON OIL CORPORATION, a Delaware Corporation<br><br>    Defendants. | Case No. <u>CIV-18-919</u>-HE<br>Judge _____<br><br>**COMPLAINT AND JURY DEMAND** |

Saundra Kay Sears and Michael Shawn Mason, as personal representatives of the Estate of Dennis W. Mason, deceased, states and alleges as follows:

1. This matter arises out of the Oklahoma wrongful death statute, Okla. Stat. Ann. tit. 12, § 1053 (West).

2. Saundra Kay Sears and Michael Shawn Mason are the personal representatives of the Estate of Dennis W. Mason, deceased, having been appointed by the District Court of Logan County, State of Oklahoma, by Letters of Administration dated October 25, 2016.

3. Defendant Marathon Oil Company is an Ohio corporation, doing business in the State of Oklahoma. Defendant Marathon Oil Company is a subsidiary of Marathon Oil Corporation, a Delaware corporation. The exact nature of the history and business relationship between the two entities is unknown at the present time. (Hereinafter "Marathon" shall refer to both entities.)

4. Marathon Oil Company's registered agent for service of process is The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

5.     Marathon Oil Corporation's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, Delaware 19801.

6.     Marathon holds approximately 200,000 net surface acres in Oklahoma and is engaged in exploration, drilling and production on this land which is located within the boundaries of the Anadarko basin also known as the STACK [**S**ooner **T**rend **A**nadarko basin **C**anadian and Kingfisher counties in Oklahoma].

7.     Certain wells in the Anadarko basin have been known to intermittently or chronically produce dangerous concentrations of Hydrogen sulfide and other toxic gases in the vicinity of the well and storage tanks.  In particular, Frac wells like Cerny 1607 have been known to intermittently produce dangerous concentrations of toxic gases in the collection and storage tanks.  The vapors from these substances, the exact nature which is unknown at the present time, can be toxic and fatal if inhaled.

8.     Defendant Marathon maintains a regional headquarters in Oklahoma City, Oklahoma.

9.     Defendant Marathon is engaged in exploration, drilling and production within the State of Oklahoma.

10.    Dennis W. Mason was born on December 9, 1949 and was a resident of Logan, Oklahoma.  He frequently worked as a crude oil driver in Oklahoma.

11.    Decedent Dennis W. Mason was working for an oil transport company which transported oil for purchasers.  On or about October 1, 2016, Dennis W. Mason was engaged in his job duties at the Cerny 1607 oil and gas well located at Highway 81 and County road 830 near Kingfisher, Oklahoma.

12. The Cerny 1607 well, and the equipment used for oil collection, processing, storage and delivery was owned and was under the control of Marathon at all times material hereto.

13. The Cerny 1607 well was known to intermittently produce dangerous concentrations of toxic gases in the collection and storage tanks. Inhaling these substances can cause sudden death.

14. On October 1, 2016 Dennis W. Mason was working at the Marathon Oil Cerny site performing his duties which included transferring oil from Marathon oil tanks into a tanker trailer. He collapsed and died while performing his job. A coworker found Mason's lifeless body collapsed on the ground near the transfer hose next to an oil storage tank later that day.

15. Marathon knew or should have known that exposures to high concentrations of hydrocarbon gases and vapors, hydrogen sulfide gases and vapors, and oxygen-deficient atmospheres at its Cerny 1607 well posed a risk for sudden death to invitees performing work at the well site.

16. Marathon owed a duty to maintain its premises, equipment and facilities in a condition that was not unreasonably dangerous to persons in the vicinity of said equipment.

17. Marathon had a duty to test and monitor the Marathon Cerny site for conditions which could cause harm or death to invitees.

18. Marathon had a duty to inform and warn invitees of safety and precautionary measures that needed to be taken to protect them from dangerous conditions on its property, and to ensure that conditions were safe for invitees and workers.

19. Marathon had a duty to take all necessary precautions to prevent exposure to deadly fumes and gases and to prevent the risk of sudden death to persons working on its

property and on its oil tanks, and to ensure that all persons performing work on the Cerny site were properly protected from deadly gases and fumes.

20. Marathon was negligent in its operation of its oil and gas well, equipment, and tanks, and negligently failed to implement operating procedures which would eliminate or reduce the risk of sudden death to invitees. Marathon negligently failed to meet its legal duties to take all necessary precautions to protect persons at the well cite. Marathon negligently failed to inform and warn invitees at the well cite of potentially dangerous and deadly conditions on its property and to ensure that the conditions at the well cite were safe for persons working there.

21. Marathon was under a heightened duty of care in inspection, monitoring and ensuring safety of its equipment at the Marathon Cerny 1607 site, due to the known risks of ultra-hazardous, deadly vapors at the Cerny 1607 well. Marathon negligently breached this duty.

22. As a direct result of the negligence of defendant Marathon, Dennis W. Mason was exposed to deadly gases which caused his death.

23. Defendant is liable to plaintiff for wrongful death damages caused by its negligence.

24. As a direct result of the wrongful death of Dennis W. Mason, his heirs have suffered economic and non-economic damages, for which the personal representative is seeking recovery pursuant to law.

25. Defendant had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Denis W. Mason, and deliberately proceeded to act in conscious disregard and indifference to the high probability of injury to Dennis W. Mason.

26. As this is an action for wrongful death of an adult, Plaintiffs advise this Court that all damages recoverable by law are sought, including those listed in OUJI 3d 8.1, punitive

damages, and those identified in Oklahoma's wrongful death statutes and/or common law.  Many of these items are among the elements for the jury to consider in fixing the amount of damages to award Plaintiffs.  Plaintiffs are unable to speculate or guess as to what amount of damages a jury might award.  Plaintiffs are in the process of accumulating documentation and data necessary to calculate loss, burial expenses, and any other economic damages capable of being specifically calculated and will provide the data and calculations to Defendant when received.  Other than the amounts Plaintiffs have specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award.

27.    Plaintiffs as personal representatives, are entitled to collect such exemplary damages which under all the circumstances of the case may be just.

**WHEREFORE**, Plaintiff prays for such damages as under all the circumstances of the case may be just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**


Dated September 18, 2018


*/s/Noble McIntyre*
Noble McIntyre, OBA #16359
Jeremy Thurman, OBA # 19586
MCINTYRE LAW, P.C.
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
T: (405) 917-5250
F: (405) 917-5405
noble@mcintyrelaw.com
jeremy@mcintyrelaw.com

-and-

        */s/ Fredric A. Bremseth*_____
Fredric A. Bremseth
Keith E. Ekstrom
BREMSETH LAW FIRM, P.C.
601 Carlson Parkway, Suite 995
Minnetonka, Minnesota 55305
Telephone (952) 475-2800
Facsimile (952) 475-3879
FBremseth@bremseth.com
KEkstrom@bremseth.com

ATTORNEYS FOR PLAINTIFFS