# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAUNDRA KEY SEARS and MICHAEL SHAWN MASON, as personal representatives of the estate of Dennis W. Mason, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>MARATHON OIL COMPANY, an Ohio Corporation; MARATHON OIL CORPORATION, a Delaware Corporation,<br><br>    Defendants. | Case No. CIV-18-919-HE |

## ANSWER OF DEFENDANT MARATHON OIL CORPORATION

Defendant Marathon Oil Corporation ("Marathon") submits the following for its Answer to the Plaintiffs' Complaint. The responses in the numbered paragraphs below correspond to the allegations in the paragraph with the same number in the Complaint. All allegations not expressly admitted are denied.

1. With respect to the allegations in Paragraph 1 of the Complaint, Marathon admits that Plaintiffs are relying on the statute they cite but denies that Plaintiffs are entitled to any relief under that statute. Marathon further states that 12 O.S. § 1053 speaks for itself.

2. Marathon is without sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. With respect to the allegations in Paragraph 3 of the Complaint regarding Marathon, Marathon admits it is a Delaware corporation that is the parent of Marathon Oil Company. The remaining allegations are not directed to Marathon, and therefore, no

response is required.  To the extent a response is required, Marathon incorporates Marathon Oil Company's response to Paragraph 3. Marathon further objects to the Plaintiffs presenting their allegations in a manner that does not reflect that Marathon and Marathon Oil Company are separate entities.

4. The allegations in Paragraph 4 of the Complaint are not directed to Marathon, and therefore, no response is required.  To the extent a response is required, Marathon admits the allegations in Paragraph 4.

5. Marathon admits the allegations in Paragraph 5 of the Complaint.

6. With respect to the allegations in Paragraph 6 of the Complaint, Marathon admits that Marathon Oil Company holds a large amount of net surface acres in Oklahoma and is engaged in exploration and production in the area sometimes referred to as the "STACK."  Marathon denies the remaining allegations in Paragraph 6.

7. With respect to the allegations in Paragraph 7 of the Complaint, Marathon admits that some wells can produce gases that if inhaled in high concentrations can be toxic and fatal.  Marathon denies the remaining allegations in Paragraph 7 of the Complaint.

8. With respect to the allegations in Paragraph 8 of the Complaint, Marathon admits that Marathon Oil Company it has an office in Oklahoma City, Oklahoma.

9. Marathon denies the allegations in Paragraph 9 of the Complaint as to Marathon Oil Corporation.

10. Marathon is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. With respect to the allegations in Paragraph 11 of the Complaint, Marathon admits that the Cerny 1607 oil and gas well is located near the intersection of Highway 81 and County Road 830 near Kingfisher. Marathon is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Marathon denies the allegations in Paragraph 12 of the Complaint as to Marathon Oil Corporation.

13. Marathon denies the allegations in Paragraph 13 of the Complaint.

14. Marathon is without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

16. The allegations in Paragraph 16 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

17. The allegations in Paragraph 17 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

18. The allegations in Paragraph 18 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

19. The allegations in Paragraph 19 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

20. The allegations in Paragraph 20 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

21. The allegations in Paragraph 21 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

22. The allegations in Paragraph 22 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

23. The allegations in Paragraph 23 constitute a legal conclusion to which no response is required, but to the extent a response is required, the allegations are denied.

24. The allegations in Paragraph 24 constitute a legal conclusion to which no response is required, but, to the extent a response is required, the allegations are denied.

25. The allegations in Paragraph 25 constitute a legal conclusion to which no response is required, but, to the extent a response is required, the allegations are denied.

26. The allegations in Paragraph 26 of the Complaint either state legal conclusions or provide Plaintiffs' reasons for not providing calculation of the damages they seek at this time. While these allegations do not appear to require a response at this stage in the case, to the extent a response is required, Marathon denies those allegations. Marathon further denies that Plaintiffs are entitled to recover any of the damages referenced in Paragraph 26 of the Complaint.

27. With respect to the allegations in Paragraph 27 of the Complaint, Marathon denies that Plaintiffs are entitled to recover any damages, including, but not limited to, exemplary damages.

Marathon further denies that Plaintiffs are entitled to any of the relief requested in the unnumbered paragraph in the Complaint that begins with "WHEREFORE."

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver, estoppel and/ or laches.

4. Marathon did not owe any duty to the decedent or Plaintiffs because Marathon had no ownership, control or involvement with the Cerny 1607 well during the time material to Plaintiffs' claim.

5. Plaintiffs' claims are barred, in whole or in part, because Marathon has not breached a legally recognized duty or obligation owed to Plaintiff.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence and/or by contributory and/or comparative fault.

8. Plaintiffs' claims are barred, in whole or in part, because the damages and/or injuries, about which Plaintiffs complain, if any, were caused by other parties over which Marathon has no control, no right of control, and for whose actions or conditions Marathon is not and cannot be held liable.

9. Marathon denies that it was aware or should have been aware of any alleged hidden hazard, at any time, on the Cerny 1607 site.

10. Plaintiffs' claims are barred by their failure to join an indispensable and necessary party.

11. If Plaintiffs sustained injuries as alleged in the Complaint, which Marathon denies, there was an intervening, superseding cause or causes leading to those alleged injuries; and, therefore, any alleged action or inaction on the part of Marathon was not the proximate cause of the alleged injuries.

12. If Plaintiffs sustained injuries as alleged in the Complaint, which Marathon denies, such injuries were the result of sensitivities, medical conditions and/or idiosyncratic reactions peculiar to decedent, which were unknowable or not reasonably foreseeable to Marathon and for which Marathon cannot be held responsible.

13. Plaintiffs' injuries and/or damages, if any, were the result of decedent's pre-existing condition(s) and/or subsequent medical conditions, and the natural course of those conditions, unrelated to Marathon's conduct or premises owned, operated and/or controlled by Marathon.

14. Plaintiffs' losses, if any, are subject to an off-set in the amount of any amounts paid or payable to Plaintiffs from any collateral source, including but not limited to payments from any casualty, disability or health insurance, indemnification or benefits plans.

15. The injuries complained of by Plaintiffs were not caused by any acts or omissions of Marathon.

16. Plaintiffs' injuries and/or damages, if any, were the result of unavoidable circumstances which could not have been prevented by anyone.

17. Plaintiffs are barred from any recovery because Plaintiffs' damages, if any, are remote and speculative.

18. Plaintiffs are barred from any recovery to the extent the decedent consented to the acts of which Plaintiffs now complains.

19. Marathon did not act with reckless disregard, intentionally and with malice toward the decedent. Accordingly, punitive damages are not recoverable against Marathon in this matter.

20. Plaintiffs' injuries and damages, if any, are solely the result of decedent's voluntary disregard of open and obvious dangers, which could be readily determined through common knowledge, and the experience of decedent.

21. Any claims for injuries allegedly sustained by the decedent exist exclusively within the Oklahoma Workers' Compensation system as provided in Title 85 of the Oklahoma Statutes.

22. Plaintiffs' alleged injuries and damages, if any, were caused solely by factors unrelated to any conduct on the part of Marathon.

23. To the extent that Plaintiffs have brought claims for punitive damages, such claims are limited pursuant to 23 O.S. § 9.1.

24. Plaintiffs' claims are barred to the extent that the decedent knowingly failed to follow warnings and/or instructions.

25. Plaintiffs' claims are barred to the extent the decedent's injuries were occupational in nature over an extended course of employment, and were not the result of any isolated instance where the decedent was present at the Cerny 1607 site.

26. Damages available to Plaintiff, if any, are subject to the doctrine of several liability as codified in Tit. 23 Okla. Stat. § 15.

27. Plaintiff's damages, if any, are subject to the limitations imposed by 23 O.S. § 61.2.

28. Marathon's conduct at all times conformed to all applicable state statutes, regulations, orders and permits.

29. The Plaintiffs' claim for punitive damages is barred, in whole or in part, by the Due Process Clauses of the U.S. and Oklahoma Constitutions.

30. The Plaintiffs' claim for punitive damages is without factual or legal basis and it should be disallowed and dismissed, as provided under the Due Process Clauses of the U.S. and Oklahoma Constitutions.

Marathon reserves the right to assert any other matter constituting an avoidance or affirmative defense after discovery in this case.

WHEREFORE, having fully answered, Marathon respectfully requests that this Court enter judgment for Marathon and against Plaintiffs on Plaintiffs' claims, and award Marathon its costs of suit, attorney's fees, and any other relief to which Marathon may be entitled.

    Respectfully submitted,

    s/Evan G. E. Vincent
    John J. Griffin Jr., OBA #3613
    Evan G. E. Vincent, OBA #22325
    Harry "Skeeter" Jordan, OBA #32437

CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
john.griffin@crowedunlevy.com
evan.vincent@crowedunlevy.com
skeeter.jordan@crowedunlevy.com
**ATTORNEYS FOR DEFENDANTS
MARATHON OIL COMPANY AND
MARATHON OIL CORPORATION**

CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of November, 2018, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

| | |
|---|---|
| Noble McIntyre | noble@mcintyrelaw.com |
| Jeremy Thurman | jeremy@mcintyrelaw.com |
| Fredric A. Bremseth | FBremseth@bremseth.com |
| Keith E. Ekstrom | KEkstrom@bremseth.com |

    s/ Evan G. E. Vincent

3391374